# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE KEVIN WILLIAMS, AIS# 173816** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIV. A. NO. 24-00242-KD-MU** |
| ) | |
| **KEITH BLACKWOOD,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Willie Kevin Williams, a prisoner at Elmore Correctional Facility, filed an action under 42 U.S.C. § 1983 (Doc. 1), along with a supplement or motion to amend his complaint (Doc. 4). Plaintiff also filed a motion to proceed without prepayment of fees (Doc. 2), which was granted on July 31, 2024.[1] (Doc. 5).

Upon review of Plaintiff's prior litigation history, the undersigned now **WITHDRAWS** the order granting Plaintiff permission to proceed without prepayment of fees, or *in forma pauperis*, and **RECOMMENDS** that this Court **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the filing and administrative fee when he filed this action.

  I.  Section 1915(g) and Plaintiff's Litigation History.

The Prison Litigation Reform Act ("PLRA"), enacted "to curtail abusive prisoner litigation", *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), includes restrictions

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR72(a)(2)(R).

on prisoners filing certain civil rights actions in federal courts. In particular, Section 1915 only allows a prisoner to file three meritless suits in federal courts, after which he "must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Specifically, the "three-strikes" provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When the three-strikes provision is applicable, "the prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id*. The only exception to this three-strike rule is when Plaintiff has pled that he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Review of federal court records reveals that Plaintiff has filed at least three federal court cases which courts have dismissed as frivolous or for failing to state a claim upon which relief may be granted under § 1915. This Court has previously dismissed three of his cases pursuant to the three-strike provision, as laid out below:

> *Williams v. Thompson*, CA No. 95-00460-WHA-VPM (M.D. Ala. 1995) (dismissed pursuant to § 1915(d)); *Williams v. Alabama Dep't of Corr.*, CA No. 09-00519-ID-WC (M.D. Ala. 2009) (dismissed for failure to state a claim); *Williams v. Alabama Dep't of Corr.*, CA No. 12-00335-TMH-WC (M.D. Ala. 2012) (dismissed as frivolous); and *Williams v. Baldwin Cnty. Corr. Center*, CA No. 08-00033-WS-C (S.D. Ala. 2009) (dismissed for failure to state a claim).

*Williams v. Rich*, No. CV 22-0060-KD-MU, 2022 WL 3009238, at *1 (S.D. Ala. July 1, 2022), *report and recommendation adopted,* No. CV 20-00060-KD-MU, 2022 WL 2987915 (S.D. Ala. July 28, 2022).

  II.  Section 1915(g)'s Exception.

Because Plaintiff has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, his case cannot proceed unless he can show he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> In determining whether a prisoner has proved imminent danger of serious physical injury, this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether [the prisoner's] complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 2716 (2022) (internal quotations and citations omitted). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, No. 06-04956-CG-M, 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished).

In his complaint, Plaintiff challenges the statutory process and availability of non-capital offenders to obtain DNA evidence post-conviction. According to Plaintiff, he was charged with three life sentences stemming from a 1993 cold case, where DNA evidence was used against him. However, he contends the DNA evidence was only tested by the State, that the analysis reports were not notarized by the scientist who performed the tests as required by statute, and posits that the tests were not accurate. He further contends

3

that the state has refused his repeated requests to obtain the DNA evidence post-conviction (so that he may have the evidence re-tested at his expense) and, because he has exhausted his state court remedies to obtain the DNA evidence, he filed this current § 1983 action for the violation of his due process rights and denial of his right to prove his innocence.[2]

Review of Plaintiff's allegations do not demonstrate that he faces imminent danger of serious physical injury or harm. (*See* Doc. 1); see *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Plaintiff has failed to show that he was experiencing or would experience an imminent serious physical injury at the time his complaint was filed. *Medberry*, 185 F.3d at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.).

For these reasons, the undersigned **WITHDRAWS** the order granting Plaintiff permission to proceed without prepayment of fees (Doc. 5) and **RECOMMENDS** the Court **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing and administrative fees of $405 when he filed his complaint.

---

[2] Without addressing the specific factual allegations of Plaintiff's complaint, the Court notes that the Eleventh Circuit has held Alabama's statutory process for obtaining post-conviction DNA evidence constitutional. *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237 (11th Cir. 2010). Applying the *Osborne* test laid out by the Supreme Court, the Eleventh Circuit determined that Alabama's general procedures for postconviction relief are constitutionally adequate to secure any limited liberty interest that a plaintiff has in seeking DNA evidence that might prove his innocence. *Id*. at 1262; see also *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52 (2009).

4

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **21st** day of **August, 2024**

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**